UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DAVID WEISS, Individually and On Behalf Of All Others Similarly Situated, | Civil Action No. |
| Plaintiff, | CLASS ACTION |
| vs. | COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT |
| NATIONWIDE CREDIT, INC. and TRANSWORLD SYSTEMS, INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff David Weiss ("Plaintiff"), a resident of Brooklyn, New York, individually, and on behalf of all others similarly situated, brings this class action for damages under the Federal Debt Collection Practices Act ("FDCPA") and injunctive relief, against the defendants named herein, and alleges based upon the personal knowledge of Plaintiff, the investigation of counsel and upon information and belief, as follows:

## NATURE OF ACTION

1. This is a class action filed by Plaintiff on his own behalf and all other similarly situated consumers residing in New York who were sent a collection letter containing the following false, deceptive and misleading affirmative misrepresentation: "[t]he Account Balance as of the date of this letter is shown above", from defendant Nationwide Credit, Inc. ("Defendant" or "NCI"), a wholly-owned subsidiary of Transworld Systems, Inc. ("Transworld") (collectively, "Defendants") during the period April 3, 2018 through April 24, 2019 (the "Class" and the "Class Period").

2. Plaintiff incurred a debt with Chase Bank USA, N.A. ("Chase") for personal purposes, which was past due and sent to NCI for collection. NCI mailed to Plaintiff's residence a form collection letter dated April 3, 2018 enumerating a balance of $1,127.26 (the "Collection Letter"). A true and correct copy of the Collection Letter is attached hereto as Exhibit A. Upon information and belief, Chase charged-off the account from its books and records and treated it as a loss in order to receive a favorable tax deduction.

3. Subsequent to his receipt of the Collection Letter, Plaintiff believed that the enumerated balance in the Collection Letter was accruing interest and other charges and fees under the terms and conditions applicable to his Chase Bank account, a belief that was further compounded as a result of the false and misleading affirmative misrepresentation in the Collection Letter stating that "[t]he Account Balance as of the date of this letter is shown above."

4.  By Defendants improperly qualifying the form collection letters with that deceptive "***as of the date of this letter***" language, Plaintiff, the Class and other least sophisticated consumers would believe that the enumerated amount owed had already changed from the period between the dates the letter was sent by NCI through the date it was received by the consumer. It also directly implied that the balance was incurring interest and other charges and fees if it was not paid off urgently.

5.  In fact, however, ***the balance was static***, free from any interest and other charges and fees, and did not (and upon information and belief, could not) rise at any point. By misleading consumers with the above deceptive language, Defendants unjustly and materially affected the behavior and rational decision-making of Plaintiff and the Class on whether to pay the debt listed in the form collection letter sent by NCI with immediate urgency. These consumers, with limited resources and the inability to pay all of their other debts as it is, would be persuaded to rationally pay the debt in the collection letters sent by NCI (with a perceived balance that was increasing) ***before*** paying an otherwise identical debt with a static balance.

6.  This action alleges numerous violations of the FDCPA, §1692 *et seq*. of Title 15 of the United States Code, including §§ 1692e and 1692g, which obligate any party attempting to collect a debt to send proper, written notice of the amount of debt free and clear from any false affirmative misrepresentations or omissions. Plaintiff and the Class bring this action in order to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and expenses, and declaratory and injunctive relief for injuries suffered as a result of Defendants' deceptive affirmative misrepresentations in violation of certain provisions of the consumer protection laws, including the FDCPA.

...
...

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and pursuant to 15 U.S.C. § 1692k(d), which states that "an action to enforce any liability created by this subchapter [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy…"

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), and (c) because: (i) Defendants' unlawful course of conduct occurred in large part in this District; and (ii) Plaintiff resides in this jurisdiction.

## PARTIES

**Plaintiff**

9. Plaintiff David Weiss is a resident of Brooklyn, NY and qualifies as a "consumer" as that term is defined under 15 U.S.C. §1692a(3). On April 3, 2018 (during the relevant Class Period), Defendant NCI sent Plaintiff Weiss the Collection Letter containing the following false, deceptive and misleading affirmative misrepresentation: "[t]he Account Balance as of the date of this letter is shown above."

**Defendants**

10. Defendant NCI is a corporation headquartered in Des Moines, Iowa. NCI is a provider of collections, customer relationship management and call center outsourcing for financial, retail credit, mortgage servicing, insurance, utility, and hospitality industries, with approximately 2,300 employees and operations centers in the United States, India, and the Philippines. Defendant NCI regularly utilizes mail, telephone, and facsimile to collect debts, and qualifies as a "debt collector" under 15 U.S.C. § 1692a(6).

11. Defendant Transworld Systems, Inc. is a corporation headquartered in Santa Rosa, California, acquired NCI, which prior to that date was a subsidiary of Altisource Portfolio Solutions

S.A.. On March 29, 2019, the Altisource subsidiary was purchased by Transworld for $44 million. Transworld is also a collection agency that provides accounts receivable, debt recovery, and past due accounts services for businesses, medical companies, dental companies, education facilities, Fortune 500 companies, and small businesses in the United States and internationally.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), on his own behalf, and the Class currently defined as: all New York residents to whom NCI sent a form collection letter in an attempt to collect a consumer debt on behalf of Chase Bank stating "[t]he account balance as of the date of this letter is shown above" during the Class Period. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries, and/or assigns of any such individual or entity.

13. Upon information and belief, there are hundreds of Class members who have received the form collection letter from NCI almost identical to the Collection Letter complained about herein during the Class Period. Accordingly, joinder is impracticable pursuant to Fed. R. Civ. P. Rule 23(a)(1).

14. Common issues of fact or law predominate over individual issues within the meaning of Fed. R. Civ. P. Rule 23(a)(2). Common issues of law and fact include, but are not limited to, whether:

    (i) Defendants' written communication to consumers violated the FDCPA and 15 U.S.C. § 1692e and 1692g;

    (ii) the form collection letters disseminated to consumers by Defendants were false, deceptive or misleading under the FDCPA;

(iii) the balance amounts enumerated in the form collection letters were collecting interest and/or other charges and fees;

(iv) the "least sophisticated consumer" would determine that the language in the form collection letters disseminated to consumers by Defendants was false or affirmatively misleading;

(v) Plaintiff and the Class were damaged by Defendants' unlawful conduct;

(vi) the measure of damages owed to Plaintiff and the Class, including statutory damages; and

(vii) injunctive relief is appropriate.

15. Plaintiff's interests are typical of, and not antagonistic to the interests of, the Class and the claims arising out of Defendants' common uniform course of conduct, as alleged by Plaintiff and the Class, are all based upon the same facts and legal theories.

16. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent counsel experienced with class actions and consumer litigation who intend to vigorously prosecute this action.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since a multiplicity of actions could result in an unwarranted burden on the Court system and could create the possibility of inconsistent judgments.  Moreover, a class action will allow redress for many persons whose claims would otherwise be too small to litigate individually.  There will be no difficulty in the management of this action as a class action.

18. Class members' identities can be identified by Defendants' records.

## SUBSTANTIVE ALLEGATIONS

**The FDCPA**

19. As described above, Congress enacted § 1692 *et seq.* of Title 15 of the United States Code in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

20. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*. at § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress granted consumers the right to a private cause of action against debt collectors who fail to comply with the Act. *Id*. at § 1692k.

21. 15 U.S.C. § 1692g provides, in pertinent part, as follows:

§ 1692g. Validation of debts

> (a) NOTICE OF DEBT; CONTENTS. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, ***send the consumer a written notice containing— (1) the amount of debt***…

22. 15 U.S.C. § 1692e provides, in pertinent part, as follows:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*     \*     \*

(2) *the false representation of – (A) the character, amount, or legal status of any debt*; or…

\*     \*     \*

(5) the threat to take any action that cannot legally be taken or that is not intended to be taken

\*     \*     \*

(10) *the use of any false representation or deceptive means to collect or attempt to collect any debt* or to obtain information concerning a consumer."

(Emphasis added).

**The Collection Letter Disseminated by NCI Contains False, Deceptive and Misleading Misrepresentations**

23. The Collection Letter sent by NCI to Plaintiff stated that: "The account balance as of the date of this letter is shown above".

24. It is Plaintiff's understanding and belief that, under the terms and condition applicable to his Chase Bank account, interest, late charges, and other charges and fees would accrue.

25. The least sophisticated consumer would reasonably presume and understand that the underlying credit card account such here, if not paid in full every month, accrues interest, late charges, and other fees that vary from day to day. Thus, the least sophisticated consumer would believe the truth of: (i) the statement in the Collection Letter that "The account balance as of the date of this letter is shown above" was merely the balance as of the date of that respective letter; and (ii) the implication that the amount due would increase daily because of interest, late charges, and other charges and fees if not promptly paid.

26. In fact, however, the balance of $1,127.26 was static and could not increase and, even if it could, Chase Bank never intended to add, would not add, and did not add any lawful interest, late charges, or other fees and charges to increase the balance stated in the Collection Letter.

27. Creditors charge-off defaulted debts in accordance with federal regulations that require the creditor to remove debt from their financial statements as assets. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a "charge-off" account (or worthless account for taxable purposes) when no payment has been received for 180 days.") These charged-off accounts are treated as a loss on the creditors books and records and the creditor receives a tax deduction under the Internal Revenue Code.

28. Hence, pursuant to these regulations, post-charge-off fees, interest and/or charges can no longer accrue. As such, Defendants were not entitled to interest and fees and the debt was static.

29. Although the Collection Letter's qualification of the amount due "as of the date of this letter" was literally true, such qualification was superfluous, false and misleading, and unnecessary to accurately disclose the amount of the Debt. The Collection Letter could have accurately stated the amount of the debt as follows: "The amount due is $1,127.26" or "Balance: $1,127.26." By qualifying the amount due was "as of the date of this letter" however, Defendants failed to accurately state the amount of the debt, and falsely, deceptively, and misleadingly represented to the least sophisticated consumer that the amount owed to the creditor would or could increase on a daily basis due to interest, late charges, and other charges and fees—indeed, that the amount owed had already changed by the time the Collection Letter was received days later by Plaintiff.

30. The form collection letters' effect of leading a consumer to wrongly conclude that the amount due is not static but, instead, could increase on a daily basis, materially affects the decision of the least sophisticated consumer whether to pay the debt because, with limited resources and the

inability to pay all debts, such a consumer would rationally pay a debt with a balance that was increasing due to interest before paying an otherwise identical debt with a static balance.

31.  A statement in a collection letter that the amount owed is as of a specified date implies that the balance will increase at a different date. *See Islam v. Am. Recovery Serv.*, No. 17-CV-4228, 2017 U.S. Dist. LEXIS 180415 (E.D.N.Y. Oct. 31, 2017) (language such as the "current balance" or "as of the date of this letter" is insufficient disclosure to a debtor that her balance is either dynamic or static and such ambiguity violates the framework of *Avila*); *see also*, *Medzhidzade v. Capital Mgmt. Servs., LP*, 17-cv-6452 (BMC), 2018 U.S. Dist. LEXIS 73428, *8 (E.D.N.Y. May 3, 2018).

32.  The form collection letters disseminated by Defendants violate 15 U.S.C. §§ 1692e, 1692e(2),(5),(10) and 1692g, in that the letters suggest that the amount of the debt is increasing with time, but does not clearly disclose whether that is truly the case.

33.  As a result of the foregoing, Defendants violated the FDCPA and Plaintiff and the Class are entitled to damages and injunctive relief.

## CAUSES OF ACTION

### COUNT I

**Against Defendants for Violations of the FDCPA, 15 U.S.C. §§ 1692e and 1692g**

34.  Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

35.  Defendants have failed to accurately provide to Plaintiff and the Class the proper amount of the debt, as it was false and misleading whether the debt was accruing interest and other fees and charges due to the "as of the date of this letter" language. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or

- 9 -

the consumer has paid the debt, send the consumer a written notice containing certain enumerated information, including that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

36. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer." While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate. The Collection Letter and other form collection letters disseminated by Defendant NCI to Plaintiff and the Class was materially misleading as the "as of the date of this letter" language can be read to have two meanings, including a plausible reading that the debt was accruing interest and other fees and charges when it was really static.

37. The Collection Letter failed to inform Plaintiff whether the amount listed will increase. As a result, Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendants. Plaintiff suffered harm by being the target of the Defendants' misleading debt collection communications. Defendants violated the Plaintiff's rights: (i) not to be the target of misleading debt collection communications; and (ii) to a truthful and fair debt collection process. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to NCI's collection efforts.

38. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and the Class have suffered damages as a result of Defendants' misconduct, including, but not limited to, emotional stress and Plaintiff and the Class are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A. ordering that this action proceed as a class action as to all claims previously alleged;

B. enjoining Defendants' unlawful conduct as alleged herein;

C. awarding Plaintiff and the Class statutory money damages, including pre-judgment and post-judgment interest;

D. awarding statutory attorneys' fees and costs, and other relief; and

E. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: April 3, 2019     **COHEN & MIZRAHI LLP**
DANIEL C. COHEN


　　　　　　　　　　　　　/s/ Daniel C. Cohen
　　　　　　　　　　　　　DANIEL C. COHEN

DANIEL C. COHEN
EDWARD Y. KROUB
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
dan@cml.legal
edward@cml.legal

*Attorneys for Plaintiff*